NEW-YORK,
May, 1819.

JACKSON
v.
SEELYE.

JACKSON, *ex dem.* SEELYE, *against* MORSE.

THIS was an action of ejectment for a lot of land, in the village of *Cherry Valley*, in the county of *Otsego*, which was tried before Mr. J. *Platt*, at the *Otsego* circuit, in *June*, 1818.

In 1814, *W. Beekman*, jun. purchased the lot in question of one *Delos White*, by a mere verbal agreement, paying him, however, partly in other land, and partly in money, the full consideration. *Beekman* immediately went into possession, and built an office on the premises, which the defendant occupied as his tenant for one year; it was then occupied by *Beekman*, until some time in the spring of 1816, when an execution was delivered to the sheriff of the county of *Otsego*, on a judgment docketed the 8th of *December*, 1814, for 1,500 dollars, recovered by one *Hammond* against *Beekman*, who then delivered the key of the office to the lessor of the plaintiff, for whose benefit the premises were, in a few days, to be sold on this execution, and also on another execution which the lessor had in his own favour. On the 5th of *June*, 1816, the premises were conveyed by the sheriff of *Otsego* to the plaintiff's lessor. After possession of the office had been given up by *Beekman*, it was fastened up and secured by the direction of the plaintiff's lessor, who took the key : and a witness testified, that a few days after this, he found the office doors broken open, and the defendant in possession, who had ever since continued in possession.

The defendant, in opening his defence, stated, that he should show title to the premises in one *David Little*, and that he entered by permission of *Little*, and as his tenant. The defence was objected to by the counsel for the plaintiff, who contended that this was not in the nature of a vacant possession, and that although the legal estate might be in *Little*, that gave him no right to enter in the manner

*Where land is purchased in the name of one person, and the consideration is advanced by another, a trust results in favour of the person who advanced the consideration. But it is essential to a resulting trust that it should arise from some conveyance or deed. Where a person purchases, and pays for land, but does not take a deed, the purchaser does not become seised, but only acquires an equitable interest, which is to be enforced in equity, and not at law; and if the vendor afterwards, by direction of the purchaser, conveys the land to a person to whom the purchaser was indebted, and by his direction, no trust results upon this conveyance to the original purchaser; and the land cannot be levied on and sold under a judgment recovered against the first purchaser, previous to the conveyance to the second.*

In an action of ejectment, against a person who has forcibly entered upon, and taken possession of land, *it seems* that the defendant is not precluded from setting up title in himself, or a third person, in bar of the action.

NEW-YORK, which has been stated.   The judge, however, overruled the
May, 1819. objection.   *Delos White*, on the part of the defendant, then
JACKSON   testified, that in *August*, 1815, *Beekman* directed him to ex-
v.        ecute a deed of the premises to *David Little;* and that
SEELYE.   about the time of the execution of the deed, he understood,
from a conversation between *Beekman* and *Little*, that
*Beekman* should retain possession as tenant of *Little*.   It
was also proved, that after *Beekman* had left the possession,
an agreement was made between the defendant and *Little*,
for the former to occupy the office ; under which agreement
he took possession.   It further appeared, that at the time
of executing the deed to *Little*, *Beekman* was indebted to
*Little* in the sum of about 300 dollars ; to secure which, the
premises were conveyed, and that *Little* was informed, at
the time, of *Hammond's* judgment.

A verdict was found for the plaintiff, subject to the opi-
nion of the court, on a case to be made.

*Van Vechten*, for the plaintiff.   The payment of the mo-
ney, by *Beekman* to *White*, created a resulting trust in the
latter for the benefit of *Beekman*.   This interest in the *cestui
que trust* was tangible by execution ; and was sold by the she-
riff to the lessor of the plaintiff, who took possession of the
premises under the deed ; during all which time *White* was
looking on.   (*Foot* and *Litchfield* v. *Colvin*, 3 *Johns. Rep.*
216.   *Jackson, ex dem. Benson*, v. *Matsdorf*, 11 *Johns. Rep.*
91.   *Bogart* v. *Perry*, 1 *Johns. Ch. Rep.* 52. 56.   *Botsford*
v. *Burr*, 2 *Johns. Ch. Rep.* 405.)

Again ; the deed from *Beekman* to *Little* was fraudulent
as against a *bona fide* purchaser, or judgment creditor.

*Cady*, contra.   This was not such a trust or interest as
could be sold on execution, under the statute. (1 *N. R. L.*
74. sess. 10. ch. 37. s. 4.)   It must be a present and existing
interest in the *cestui que use*, or *cestui que trust*, at the time
of the execution.   Now, all the interest which *Beekman* had,
was, nearly a year before the issuing of the execution, con-
veyed to *Little*.   The judgment was no *lien* on the premises.
Our act *concerning uses* is taken from the 29 *Car.* II. c. 3., and
it has been decided under that statute, that a judgment doe

not bind the interest of the *cestui que trust.* (4 *Com. Dig.* 131.)

It is said, that the conveyance from *Beekman* to *Little* was fraudulent and void. But it was proved that *Beekman* was indebted to *Little,* and for securing that debt, he directed *White* to convey the premises to *Little.* This *Beekman* had a legal right to do ; and if any equity of redemption exists, application should be made to the court of chancery for relief.

Again ; there was no resulting trust in this case. A resulting trust arises by implication of law, from some deed or conveyance. As if *A.* pays *B.* a sum of money for land, and he conveys it to *C.,* there is a resulting trust from *C.* to *A.* But in this case, though money was paid, yet no deed was executed. A resulting trust cannot be created by parol, nor arise from a parol contract. A *use* cannot be declared by *parol.* (1 *Cruise's Dig.* 459. 461. 471. *Comyn's Dig.* tit. *Uses.* D. 1.)

SPENCER, Ch. J. delivered the opinion of the Court. *Beekman* acquired nothing but an equitable interest in the premises, in consequence of his verbal agreement with *White,* and the payment of the consideration money. He had no legal or executed estate, entitling him to be regarded as seised. (4 *Com. Dig.* title *Uses,* 445. D. 1.) His right, until it was merged in the deed to *Little,* was a mere *chose in action ;* and his remedy, had *White* refused to convey, would have been in equity alone, to compel a specific execution of the contract.

The statute of frauds requires all declarations and creations of trusts of land, to be in writing ; and it provides, that all conveyances where trusts and confidences shall arise, or result by implication, or construction of law, shall be of the like form and effect, as the same would have been, if the act had not been made. It is essential, from the very words of the statute, to a resulting trust, that it should arise from some conveyance or deed ; and it happens, when an estate is purchased in the name of one person, and the price or consideration money is paid by another person. In such case there is a resulting trust in favour of the person who paid the consideration. (2 *Johns. Ch. Rep.* 408.)

The conveyance by *White* to *Little*, did not create a resulting trust in favour of *Beekman*, for although *White* gave the deed, on the consideration paid by *Beekman* to him ; yet, as between *Beekman & Little*, the former renounced to the latter the benefit of this consideration, in satisfaction of a debt, which it is admitted was actually, and *bona fide* due. This was the same, in effect, as if *Little* himself had paid the consideration to *White ;* and the consequence is, that, thereafter, *Beekman* ceased to have any kind of interest in the premises, and the lessor of the plaintiff acquired no title under the sheriff's sale to him.

Another point has been made, that the possession taken by the defendant was forcible and tortious, and that, therefore, he cannot be allowed to set up a title in *Little*, his landlord. The facts in the case do not warrant the objection ; and the Court think this a sufficient answer. Individually, I am of opinion, that if the objection were founded in fact, it would be untenable. The action of ejectment is a possessory action, and the question to be tried is, who has the best title to the possession. A defendant may be placed in a situation precluding him from setting up title, either in himself or a third person, to defeat the plaintiff's recovery. A forcible entry on the premises will not estop the defendant from asserting an independent right to retain the possession. The action of ejectment includes a trespass ; it is founded on the notion that the defendant has forcibly entered upon the possession of the nominal plaintiff, and ejected him, and kept him out of possession, and its object is to regain the possession of premises of which he has been tortiously dispossessed It was fashioned for the purpose of trying the title ; not, indeed, the strict right between the parties in all cases, for the plaintiff must have been possessed within twenty years prior to the commencement of the action. It may be safely asserted, that any defence which, as respects the right to the premises, would protect the defendant from a recovery of damages, in an action of trespass *quare clausum fregit*, will, *a fortiori*, protect a defendant in ejectment. In the case of *Hyatt* v. *Wood*, (4 *Johns. Rep.* 150.) it was decided, that if one having a possessory title to land, enters by force, and turns out a person who has a naked possession

NEW-YORK,
May, 1819.

only, the latter could not maintain trespass against the person having a better title; and that if a person having a legal title, enters by force, though he may be indicted for a breach of the peace, yet he is not liable to a private action of trespass for damages, at the suit of the person who, although he is turned out, has no right. This principle is entirely applicable, in my judgment, to the action of ejectment.

Judgment for the defendant.