<div align="right">ALBANY,<br>October, 1829.<br><br>Wadsworth<br>v.<br>Havens.</div>

## WADSWORTH *vs.* HAVENS.

THIS was an action of replevin, tried at the Madison circuit in April, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff proved that on the 16th May, 1827, he purchased of one Jeremiah Tifft a yoke of oxen, for which he paid $60, which were driven away on the 11th June, 1827, by the defendant. The defendant proved a judgment in his favor against Jeremiah Tifft, entered on a bond and warrant of the date of the 26th May, 1827, an execution issued thereon on the 29th May, and a sale by virtue of the execution on the 11th June, when he became the purchaser of the oxen in question, and took them into possession. The defendant then offered to prove that the sale of the oxen by Tifft to the plaintiff was fraudulent. The plaintiff objected to that proof, unless the defendant first shewed that he was a *creditor* of Tifft *at the time of the sale* of the oxen to him the plaintiff. This objection was sustained by the judge. Various other questions arose on the trial, which, not being considered by the court, are not here stated. The jury, under the direction of the judge, found a verdict for the plaintiff, with six cents damages. The cause came up on a bill of exceptions presented by the defendant, who moved for a new trial.

*Actual fraud in the conveyance of property may be shewn by a creditor, altho' his debt accrued subsequent to the conveyance sought to be avoided.*

*So a purchaser for valuable consideration has a right to avoid a precedent fraudulent conveyance.*

*C. P. Kirkland,* for defendant.

*P. Gridley,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. In the case of *Reade* v. *Livingston,* (3 Johns.·C. R. 481,) the late Chancellor Kent held that a voluntary settlement was void as to *antecedent* creditors, (being *constructively fraudulent* as to them,) but as to *subsequent* creditors, such settlement could be avoided only by shewing *actual fraud;* and for this he relied on a decision of Lord Hardwicke, in *Taylor* v. *Jones,* (2 Atk. 600.)

The defendant here was not only a *subsequent creditor,* but a *purchaser* for valuable consideration ; and therefore, according to the third resolution in Twyne's case, (3 Co. 83,) had a right to avoid a precedent fraudulent conveyance.

This point alone is sufficient to authorise a new trial, and the other questions raised need not be discussed.

New trial granted.