AUGUST TERM, 1845. 417

SMYTH *v.* CARLISLE & a.

A conveyance, intended to defraud creditors, may be purged of the fraud by matter *ex post facto*, confirming the original grant.

Where no such confirmation has been made, subsequent creditors, as well as existing creditors, may avoid the conveyance.

WRIT OF ENTRY, to recover five square rods of land in Lancaster.

Plea, the general issue. On the trial, the demandant offered in evidence a levy upon the premises, duly made by virtue of an execution against the defendant, Carlisle, recovered at the May term, 1840; the judgment upon which execution issued, being founded upon an acceptance of Carlisle, as one of the firm of Norton, Carlisle & Co., at Buffalo, N. Y., dated February 16, 1837; and he proved that the title of the premises was in Carlisle in 1818, and that he had ever since been in possession of the same.

The tenants introduced a deed from Carlisle to the defendant Farrar, dated March 22, 1821, duly executed and recorded, by which the demanded premises, and other tracts of land, were conveyed in fee, without condition.

The demandant contended that this deed was fraudulent and void, and intended in fact to defraud creditors, and introduced evidence tending to show that such was the case.

The tenants contended that the conveyance was a *bonâ fide* transaction, and intended to secure Farrar for his liabilities for Carlisle, and introduced evidence to that effect. It also appeared that whatever might have been the intention at the time of the execution of the deed, the then creditors of Carlisle, and all who had a right to interfere at the time, had acquesced in the transaction, and agreed to the disposition of the property that was then made.

Smyth *v.* Carlisle.

The court charged the jury that if they were satisfied that the deed of March 22, 1821, was in fact intended as a *bonâ fide* transaction, and the liabilities of Farrar had not been satisfied, the verdict should be for the defendants. But if satisfied that it was intended as a fraud upon creditors, then the plaintiff, notwithstanding he was a subsequent creditor, was entitled to their verdict.

The counsel for the tenants requested the court to instruct the jury, that if the conveyance of March 22, 1821, was originally fraudulent as against creditors, yet if the fraudulent intent was in 1823, and before the existence of the plaintiff's debt, abandoned, and the conveyance assented to by all who had a right to interfere at that time, the conveyance would be good as security to Farrar against the plaintiff, and the tenants would be entitled to a verdict. The court declined so to charge the jury.

The jury returned a verdict for the demandant, and the defendants moved for a new trial.

*Young,* and *Bellows,* for the defendants, cited 10 N. H. Rep. 194, *Aldrich* v. *Givens ;* 3 Met. 332, *Oriental Bank* v. *Haskins ;* 2 Pick. 184, *Somes* v. *Brewer ;* 2 Mason 252, *Bean* v. *Smith ;* 8 Wend. 9, *Wood* v. *Jackson ;* Shep. Touch. 50, n. 1 ; 4 Mason 312, *Phettiplace* v. *Sayles ;* 1 Dane Abr. 42, art. 2 ; 4 Kent's Com. (5th ed.) 464 ; 18 Johns. 515, *Anderson* v. *Roberts,* overruling the decision 3 Johns. Ch. 371.

*Wells,* for the demandant, cited 6 N. H. Rep. 67, *Smith* v. *Lowell ;* 8 N. H. Rep. 44, *Carlisle* v. *Rich ;* 3 Johns. Ch. 371, *Roberts* v. *Anderson ;* Rob. Fraud. Conv. 448, 457.

PARKER, C. J. A fraudulent grant may be purged of the fraud by matter *ex post facto,* whereby the fraudulent contract is abandoned, and the grant confirmed for a good

and adequate consideration *bonâ fide.* 3 Met. 332, *Oriental Bank* v. *Haskins.* But if a deed, made expressly to defraud creditors, may be avoided by subsequent creditors, because a fraud on them, how can the assent of the existing creditors purge the fraud, so that the subsequent creditors cannot take advantage of it? If the rights of subsequent creditors were only to be worked out through the instrumentality of the existing creditors, so that the deed, being avoided by an existing creditor, the subsequent creditors were to be let in, and in no other way, then the assent of all the existing creditors would be sufficient. But a subsequent creditor may, in a case like this, assert his rights by an independent suit.

If, prior to the existence of the plaintiff's debt, there had been a settlement of the liabilities of Farrar, and he had agreed to take the land of which he held an absolute title, for a fair consideration, in discharge of so much due him from Carlisle, then the fraud would have been purged, the trust in favor of Carlisle would have been extinguished, and the plaintiff could have had no ground of objection. But this was not done. The trust remained, not only up to the time of the contraction of the plaintiff's debt, but up to the time of the levy.

If the conveyance was originally intended as a fraud on creditors generally, it remained a fraud as to subsequent creditors. Carlisle had an interest in the land, covered from the creditors by a secret trust, and an actual fraud. This furnishes a good reason why the plaintiff should impeach the deed. 19 Pick. 231, *Parkman* v. *Welch;* 4 Greenl. 165, *Howe* v. *Ward;* 3 Wend. 411, *Wadsworth* v. *Havens;* 2 Mason 252, *Bean* v. *Smith.*

*Judgment on the verdict.*