## MILES MINER vs. JONATHAN C. STEVENS & others.
## SAME vs. SAME.

The plaintiff, who was the mortgagee of certain real estate, brought an action for foreclosure against the mortgagor, one of the defendants, who was in possession, on which suit the conditional judgment was rendered, and a writ of possession regularly issued: Before the commencement of the action, the mortgagor had conveyed his equity of redemption to a third person, who, during the pendency thereof, conveyed the same to the other defendant: At the time of the execution of the writ of possession, both the defendants were upon the premises, and were forcibly ejected therefrom by the officer, who delivered seizin thereof to the plaintiff: The defendants subsequently entered upon the premises and committed acts of trespass, for which the plaintiff brought his action: It was held, that whatever might be the legal effect and operation of the judgment, as to a foreclosure, or the right of the officer to expel the owner of the equity of redemption, the action of trespass might be maintained.

THESE were actions of trespass to land, tried before *Ward J.*, in the court of common pleas, and brought into this court by the defendants, against whom verdicts were rendered, upon exceptions to the instructions of the judge. From the bill of exceptions, the following facts appeared, as the ground of the instructions complained of.

One of the defendants, Jonathan C. Stevens, being the owner of the premises, consisting of a house and other buildings, and lands adjoining, and having mortgaged the same to Miles Miner, the plaintiff, previously to the 21st of April, 1843, made a conveyance thereof, by a deed of bargain and sale of that date, containing general covenants of warranty, to Fuller, Dixon and Smith.

These grantees, on the 11th of November, 1843, executed a reconveyance of the same premises to Jonathan C. Stevens, which was delivered to him about the time of its date, and remained in his possession without being recorded, until the 21st of December, 1844, when it was redelivered to the grantors, Fuller, Dixon and Smith, who thereupon made a quitclaim deed of the premises to Ensign D. Stevens, another of the defendants.

On the 24th of May, 1843, the plaintiff commenced an action for foreclosure, in the court of common pleas, against

Jonathan C. Stevens, the mortgagor, as sole defendant, on which the conditional judgment was obtained at the October term, 1845, and a writ of possession issued March 18th, 1846.

It was in evidence, that, at the time of the commencement of the action for foreclosure, and at the time of the service of the writ therein, and also at the time of the service of the writ of possession, Ensign D. Stevens, the grantee above mentioned, was upon the premises, and that when the writ of possession was executed, he claimed and attempted to maintain his right to remain, but was forcibly removed by the officer.

The writ of possession was executed by the officer, by ejecting the defendants from the house and land constituting the premises, and delivering seizin thereof to the plaintiff.

The defendants subsequently entered upon the premises, and committed the acts of trespass complained of in these actions, between the 23d of April and the 8th of June, 1846.

At the time of the making of the deed from Jonathan C. Stevens to Fuller, Dixon and Smith, Stevens's property, or some portion of it, was under attachment, and he was much embarrassed and pressed by creditors.

The defendants justified the trespasses, Ensign D. Stevens in his own right, and the other defendants as his servants, on the ground, that, at the time of the commencement of the action for foreclosure, Fuller, Dixon and Smith were the owners of the equity of redemption and tenants of the freehold, and that, at the time of the execution of the writ of possession, Ensign D. Stevens, their grantee, had acquired all their rights in and to the premises; and they contended, that the action for foreclosure having been commenced against the mortgagor alone, and not against Fuller, Dixon and Smith, as tenants of the freehold, and the judgment in that action. having been rendered against the mortgagor alone, the proceedings, as against Fuller, Dixon and Smith, and Ensign D. Stevens, as their grantee, were void, and that in forcibly removing Ensign D. Stevens from the premises, in the execution of the writ of possession, the officer was a trespasser.

The defendants objected, that, upon the evidence, as above stated, in substance, these actions could not be maintained; but the judge ruled otherwise, and instructed the jury accordingly, who found the defendants guilty in both actions.

*W. Porter,* for the defendants.

*I. Sumner,* for the plaintiff.

WILDE, J. These cases have been elaborately argued on several points; but as we consider the law to be clear and decisive on one, it is unnecessary to express an opinion on the others.

Both actions depend on the same principles of law. They are actions of trespass *quare clausum fregit,* brought by the mortgagee of the *locus in quo,* against Jonathan C. Stevens, the mortgagor, and the other defendants, who justify the alleged trespass under Ensign D. Stevens, who claims title to the equity of redemption.

Several years before the alleged trespasses, the plaintiff had commenced an action, to foreclose the mortgage, against the mortgagor, who was tenant in possession, although he had before conveyed his equity of redemption to certain purchasers, who, afterwards, during the pendency of the action, conveyed the same to Ensign D. Stevens. After judgment recovered in that action, a writ of possession issued, and possession was given to the plaintiff; and Ensign D. Stevens, who was in possession with Jonathan C. Stevens, refusing to quit the premises, was forcibly expelled therefrom by the officer.

That this was a valid judgment against Jonathan C. Stevens, and that the officer was justified in giving possession to the plaintiff, cannot be controverted. Whether that judgment would operate as a foreclosure of the mortgage, is immaterial. Even if the judgment were erroneous, it would be valid until reversed. But the main objection to the proceedings of the sheriff is, that he was not authorized, by the judgment and writ of possession against Jonathan C. Stevens, to eject Ensign D. Stevens, who was no party to the judgment.

However well founded this objection may be, we are of opinion, that the defendants cannot avail themselves of it, as a defence in these actions. In *Jackson* v. *Farmer,* 9 Wend. 201, it was held, that a party, having the legal right of entry upon land, might enter by force and defend his possession under his title ; subject only to an indictment for a breach of the peace, or, under the statute, for the forcible entry. The same doctrine is laid down by Butler in a note to Co. Litt. 257, and by Spencer, C. J., in *Jackson* v. *Morse,* 16 Johns. 197. The case of *Hyatt* v. *Wood,* 4 Johns. 150, was decided on the same principle. In that case, it was held, that where a tenant holds over the term, and the landlord enters by force, and turns him out, he cannot maintain trespass against the landlord. The same doctrine was laid down by lord Kenyon in *Taunton* v. *Costar,* 7 T. R. 431. He says, " If the landlord " (who, in that case, had given notice to the tenant to quit) " had entered with a strong hand to dispossess the tenant, by force, he might have been indicted for a forcible entry ; but there can be no doubt of his right to enter upon the land at the expiration of the term."

We think that Ensign D. Stevens, after notice to quit, had no better right than a tenant at sufferance. The mortgagee has the right to enter and take possession, at any time, and the mortgagor, or the party claiming the equity of redemption under him, is not entitled to emblements, and has no right to the possession. *Keech* v. *Hall,* 1 Dougl. 22. If Ensign D. Stevens had not been dispossessed by the officer, the lawful possession would have been in the plaintiff, and this action might well have been maintained ; for the officer had a good right to put the plaintiff in possession ; and if he had no right to expel Ensign D. Stevens by force, the question might be, whether he would be entitled to a process for a forcible entry. So it may be a question, whether an action of trespass would lie against the officer, or whether he might not justify by the command of the plaintiff. In *Hyatt* v. *Wood,* Spencer, J., says, that where the party entering on land has a right to the possession, he cannot be made answerable in

41*

damages to a party who has no right. And the like principle is well settled as to the forcible recaption of personal property wrongfully taken from the owner. For, although he may be liable for a breach of the peace, yet no action of trespass lies. The plaintiff's counsel also insists, with great confidence, that Ensign D. Stevens, having become a purchaser, during the pendency of the plaintiff's action against Jonathan C. Stevens, to recover possession of the mortgaged premises, is bound by that judgment; and the cases cited seem to support this argument. In *Hunt* v. *Hunt*, 17 Pick. 118, it was decided, that when a writ is rightly brought against the tenant in possession, especially against the mortgagor, it may rightfully proceed to judgment, and that the suit cannot be defeated by the act of the mortgagor, by alienating the mortgaged premises; and that all persons coming in under the mortgagor, after suit thus commenced, will be bound by the judgment. The plaintiff's action against Jonathan C. Stevens was undoubtedly rightly brought; although it was not brought against the tenants of the freehold, and would not so operate as to foreclose the mortgage.

But we do not think it necessary to decide these questions, being of the opinion, that if the officer had no right to expel Ensign D. Stevens, still these actions may be maintained; that the plaintiff had the legal right to the *locus*, the actual possession, and the undisputed right of possession; and that Ensign D. Stevens had no right of possession. And, in these actions, it is immaterial whether he was ousted by force or not. The plaintiff had a right to enter and take possession of the mortgaged premises, without a writ of possession, and without the aid of the officer; and, if he had so entered and ousted Ensign D. Stevens, by force, these actions might well be maintained. And so they may be, although the officer may have exceeded his authority; as to which it is not necessary to express an opinion.