## MEAD vs. GREGG and wife.

In 1843 G. contracted for the purchase of a lot of land, for $50, and paid the purchase money by installments; the last payment being made in October, 1849; when, at his request, the premises were conveyed to his wife, by deed recorded in August, 1850. G. went into possession at the date of the contract, and made improvements upon the lot, which increased its value, so that it became worth $400. In an action brought against G. and his wife, by a judgment and execution creditor of G., whose debt was contracted after the deed was given to the wife, but before it was recorded, and before the plaintiff had any notice that the title was in the wife, to reach the lot, and subject it to the payment of his judgment; the complaint alledging the insolvency of the husband; *Held,*

1. That before making his last payment upon the contract of purchase, G. had, by his previous payments, and his improvements, acquired a valuable interest and property in the premises.

2. That to the extent of G.'s payments, the vendor of the lot was seised as his trustee; and that this interest was one recognized at law, for the benefit of creditors, and which they could by judicial proceedings subject to the payment of debts.

3. That upon the payment of the last installment, the whole beneficial interest was in G., and the vendor held it merely as trustee for the purchaser; and that creditors could have reached his interest, and compelled a performance of the contract of sale, and a conveyance by the vendor, for their benefit.

4. That G. having transferred and set over his legal interest, to his wife, and enabled her to acquire the legal title to the premises, the creditors of G. had a right to inquire into, and contest, the *bona fides* of the transaction; and that if fraudulent as to creditors, such transfer could not be upheld.

5. That subsequent creditors might impeach a transaction of that kind, by showing antecedent debts, sufficient in amount to afford reasonable evidence of a fraudulent intent.

6. That the case was not within the 51st and 52d sections of the statute of uses and trusts, (1 *R. S.* 728;) those sections not being designed to limit or restrict the right of creditors, either precedent or subsequent to the conveyance, to impeach it for fraud in fact, and to show it fraudulent, by any proper evidence.

7. That the omission to record the deed, given to the wife, needed explanation, to make it consist with good faith and honesty.

8. That there were circumstances tending to show fraud, and to impeach the title of the wife, which should have been passed upon by the referee; and that he erred in dismissing the complaint upon the questions of law.

THIS action was brought by the plaintiff, a judgment creditor of Richard Gregg, having an execution returned unsatisfied, to reach and subject to his judgment, a certain lot and premises

claimed by the wife of Gregg; the plaintiff alledging the conveyance to the wife to be fraudulent and void as against the creditors of the husband. In 1843 the husband contracted for the purchase of the premises for $80, and paid the purchase money by installments, making the last payment in October, 1849, and at his request the premises were conveyed to the wife by deed recorded in August, 1850. The husband had been in possession of the premises, from the time of the contract of purchase, and was still in possession, and had improved the lot, and by such improvements had increased its value, so that the same was, at the commencement of the suit, worth $400. The debt to the plaintiff was contracted after the deed was given to the wife, and before it was recorded, and before the plaintiff had any notice that the title was in the wife. The husband was insolvent, and had no other property from which the plaintiff's debt could be collected. The cause was referred to a sole referee, by consent of the parties, who nonsuited the plaintiff upon the ground that by the law of 1848, the wife could take and hold the title to the premises, the conveyance not being directly from the husband; and that the fact that the consideration was paid by the husband did not entitle the plaintiff to recover, he not being a creditor of the husband at the time, within the provisions of the revised statutes regulating uses and trusts. From the judgment entered upon the report of the referee, the plaintiff appealed.

*A. M. Spooner*, for the plaintiff.

*J. W. Loomis*, for the defendant.

*By the Court*, W. F. ALLEN, J. Had the referee heard the proofs of the parties, and reported in favor of the defendants, upon the merits, it is possible that this court would not have reversed his conclusions upon the question of fraud in fact; although upon the whole case, and especially upon the admissions in the pleadings, the referee would have been abundantly sustained in finding the transaction fraudulent as to the creditors of the husband. The referee, however, did not pass upon the ques-

Mead v. Gregg.

tion of fraud, but decided the action against the plaintiff upon the questions of law which were made upon the statement of the case by the plaintiff's counsel. The referee held that the case was within §§ 51 and 52 of the statute of uses and trusts, and that it was a case of a grant for a valuable consideration, made to one person (the wife,) and the consideration therefor paid by another, (the husband;) and that the title vested in the wife subject only to a resulting trust in favor of the creditors, at the time, of the husband. (1 *R. S.* 728.) He also placed some stress upon the act of 1848, (*Laws of* 1848, *p.* 307,) by which it is declared lawful for any married female to receive real and personal property by gift, grant, devise or bequest, from any person other than her husband. I think the referee erred in supposing that these statutes had any application to the case. He overlooked the fact that before the last payment upon the contract of purchase, the husband had, by his prior payments, and his improvements, acquired a valuable interest and property in the premises. That to the extent of his payments, the vendor of the property was seised as his trustee, and that this interest was an interest recognized at law, for the benefit of creditors, and which they could by judicial proceedings subject to the payment of debts. Upon the payment of the last installment, the whole beneficial interest was in the husband, and the vendor held it merely as trustee for the purchaser, and creditors could have reached his interest, and compelled a performance of the contract of sale, and a conveyance by the vendor, for their benefit. (1 *R. S.* 744, §§ 4, 6.) The husband had an interest known to, and recognized at law, although perhaps capable of being enforced only in equity ; and that legal interest he transferred and set over to his wife. He renounced to her the benefits of his contract, including his payments and the improvements upon the premises, and under this transfer by the husband, the wife was enabled to acquire the legal title to the premises. (*Jackson* v. *Morse,* 16 *John.* 197.) It is true that as between the husband and wife this would not create a resulting trust in favor of the husband, but would be taken to be an advancement of the wife. (*Story's Eq. Jur.* § 1204.) But the creditors of the husband

Mead v. Gregg.

have a right to inquire into, and contest the *bona fides* of the transaction, and if fraudulent as to creditors, it will not be upheld. (*Guthrie* v. *Gardner*, 19 *Wend.* 414.) Subsequent creditors may impeach a transaction of this kind, by showing antecedent debts sufficient in amount to afford reasonable evidence of a fraudulent intent. (*Reade* v. *Livingston*, 3 *John. Ch.* 481.) Actual fraud in the conveyance of property may be shown by a creditor, although his debt accrued subsequent to the conveyance sought to be avoided. (*Wadsworth* v. *Havens*, 3 *Wend.* 411.) The sections of the statute of uses and trusts before quoted, were not designed to limit or restrict the right of creditors, either precedent or subsequent to the conveyance, to impeach it for fraud in fact. They were designed to discourage secret resulting trusts, by disabling the party advancing the consideration of a conveyance taken in the name of another, from claiming any benefit under it. And while they have abundantly secured the rights of creditors, at the time, by declaring the transaction presumptively fraudulent as against them, and throwing the burden of establishing the *bona fides* upon the parties claiming under the conveyance, they have not taken from subsequent creditors the right to show the transaction fraudulent in fact, by any proper evidence. The husband has suffered a default, and has thus admitted the fraud, and fraudulent intent charged in the complaint. The wife has not denied the indebtedness of the husband, and his insolvency at the time of the conveyance. The possisseon was clearly that of the husband, and not of the wife. The omission to record the deed needs explanation to make it consist with good faith and honesty. (*United States Bank* v. *Housman*, 6 *Paige*, 526.) But it is sufficient to say that the referee erred in dismissing the complaint upon the questions of law decided by him, and that there are circumstances tending to show fraud, and to impeach the title of the wife, which should be passed upon by the referee.

Judgment reversed, and new trial ordered; costs to abide the event.

[ONEIDA GENERAL TERM, January 5, 1852. *Pratt, Gridley, W. F. Allen* and *Hubbard*, Justices.]