NEW YORK
May, 1816.

IVES
v.
IVES.

---

### IVES *against* IVES.

THIS was an action of trespass, *quare clausum fregit*, for breaking and entering the dwelling house of the plaintiff, and tearing out the doors and windows, and pulling down the oven and chimney, of the house. The defendant pleaded, 1. Not guilty. 2 *Liberum tenementum*. 3. That the defendant committed the supposed trespass by the license of the plaintiff.

To the second plea, the plaintiff replied, that, by a certain agreement, in writing, the defendant bargained and sold the premises to the plaintiff, and thereby agreed to give him a good and lawful deed of the same ; by virtue of which agreement, the

An agreement to convey, containing words of bargain and sale *in præsenti*, does not transfer the title. An agreement to sell land does not import a license to enter, but, at most, gives an implied permission to occupy as tenant at will. If a person having title to land enter with force, he is not liable to an action of trespass.

plaintiff was possessed thereof, and continued possessed there-of, until, &c. To the third plea, the plaintiff replied, *de injuria sua propria.*

To the replication to the second plea there was a general demurrer, and joinder in demurrer, which was submitted to the court without argument.

*Per Curiam.* According to the decisions in *Jackson, ex dem. Ludlow,* v. *Myers,* (3 *Johns. Rep.* 388.,) and *Jackson, ex dem. Green,* v. *Clark,* (3 *Johns. Rep.* 424.,) the agreement set forth in the plaintiff's replication, although containing words of bargain and sale, *in præsenti,* imports, in law, nothing more than an *agreement to convey,* as an *executory contract,* and does not, *ipso facto,* transfer the title.

By the decisions in *Suffern* v. *Townsend,* (9 *Johns. Rep.* 35.,) and *Cooper* v. *Stower,* (9 *Johns. Rep.* 331.,) a *contract to sell* does not, in itself, contain a license to enter; or, at most, it gives an implied permission to occupy as *tenant at will* merely.

It is also well settled, that the person having title, that is, having a right to enter, is not liable, in an action of trespass, for *entering with force,* although liable to *indictment* for a forcible entry. *Wilde* v. *Cantillon,* (1 *Johns. Cas.* 123.,) *Hyatt* v. *Wood,* (4 *Johns. Rep.* 150.) The defendant is entitled to judgment.

<div align="right">Judgment for the defendant.</div>