NEW-YORK,
May, 1832.

Jackson
v.
{ Stansbury.}

*Farmer.*

JACKSON, ex dem. STANSBURY *vs.* FARMER.

In *ejectment* a defendant, who has *entered forcibly* into possession of the premises in question, is not debarred by such forcible entry from shewing title in himself; the remedy of the party dispossessed, if any, is under the *statute of forcible entry and detainer.*

THIS was an action of ejectment, tried at the Cayuga circuit in January, 1830. The lessor of the plaintiff, *Stansbury,* claimed to recover the premises in question, on the strength of a *possession of ten years* previous to the 1st May, 1829. It was proved that about the 1st May, 1829, the defendant entered the premises forcibly, and put the wife of Stansbury out of possession. The defendant gave in evidence a deed of the premises in question from Stansbury to one Wyckoff, bearing date 14th September, 1820, and a conveyance from Wyckoff to himself, bearing date 21st April, 1829. This evidence was at first objected to, and overruled, but subsequently, by the consent of the plaintiff, it was received by the judge, and the parties went into proof on the question whether or not the defendant had *forcibly entered* into the possession of the premises. The presiding judge charged the jury that if the defendant entered without force, he was entitled to a verdict; but if he *entered with force,* the title which he had exhibited could not avail him as a defence, and that the plaintiff in such case was entitled to their verdict. The jury found for the plaintiff. The defendant asks for a new trial.

*J. A. Spencer,* for the defendant.

*Greene C. Bronson,* (attorney general,) for the plaintiff.

*By the Court,* NELSON, J. It was decided by this court in *Hyatt* v. *Wood,* 4 *Johns. R.* 150, and the same principle was again applied in *Ives* v. *Ives,* 13 *id.* 235, that a person having a legal right of entry on land may enter by force, and though indictable for a breach of the peace at common law, or under the statute for a forcible entry and detainer, he is not liable to

a private action of trespass for damages at the suit of the person in possession without right, and who is thus turned out of possession. This position, apparently harsh, and tending to the public disturbance and individual conflict, is abundantly supported by authority, and must be considered the law of the land. 3 *Black. Comm.* 5, 174. 1 *Hawk.* 274. 7 *T. R.* 43. 8 *Com. Law R.* 280. 14 *id.* 59. It was the abuse of this summary power to right one's self by entry, where the right of entry existed, which gave rise to the numerous English statutes against forcible entry and detainer, of which our old act was substantially a copy, and in these acts, and the common law remedy by indictment, are to be found the only protection of the party thus forcibly dispossessed. They punish criminally the force, and in some cases make restitution of the possession ; 11 *Johns. R.* 509 ; 13 *id.* 340 ; but so far as the civil remedy is concerned, there is none but what is afforded by those acts.

The action of *trespass,* like that of *ejectment,* is a possessory action, involving an inquiry into the right of possession to the premises in question, and was anciently the usual mode of trying the title to land or the right to the possession ; and I concur with Chief Justice Spencer, in *Jackson* v. *Seelye,* 16 *Johns. R.* 200, that the principle decided in *Hyatt* v. *Wood* is strictly applicable to the action of ejectment. Indeed, this action, which was the remedy devised for a lessee of a term of years who was ousted from his term, was originally but an action of trespass in effect, and the recovery was in damages only for the dispossession, 3 *Black. Comm.* 199, 200 ; 2 *Selw.* 510 ; and I can perceive no reason why the ordinary action of trespass was not used, except the difficulty which existed in the principle of that action, which requires the plaintiff to sustain it to shew himself in the possession of the premises in fact or in judgment of law, at the time of the injury committed. A disseisee cannot maintain trespass for an injury to the freehold till he has regained the possession, and the lessee was viewed in this character. Afterwards, the court determined the lessee should not only recover damages, but also his term, which soon brought the action into general use. Before the action of ejectment, as now understood, came into use, this

possessory right to land was tried by *writ of entry*, or *an* assize *;* and although the tenant might have entered into pos- session by a disseisin or intrusion, or the like, yet, if he could shew a right to the possession in himself, or in those under whom he made claim, he justified such entry. : 3 *Black.* *Comm.* 181, 2, 3. Another principle which I think applica- ble to the defence in this case is, that where the entry of a party is *congeable*, that is, where he has a right of entry, and in pursuance thereof, enters into the possession of land, he is thereby *remitted* to his title; not so where the right of entry has been barred, though he may have the title, for then he must resort to his action. *Viner's Abr. tit. Remitter, G. F.*

There are many cases in the books where the tenant in possession is estopped from setting up his title in this action, to which it is not now necessary to refer, as they have no particular bearing upon the question under consideration.

The ground upon which I place the decision of the case is that at common law the party who possesed the legal right of entry might enter by force, and defend his possession under his title, subject only to an indictment for a breach of the peace, or under the statute for the forcible entry, and to a restitution of the possession by virtue of the proceedings under that statute. The revised statutes have extended the remedy for a forcible entry and detainer, so that it now af- fords ample redress to every one in the peaceable possession of land, who has forcibly been dispossessed, without regard to title or right to possession. *The People* v. *Van Nostrand, ante,* 50.

New trial granted.