### Gault vs. Jenkins & Tuttle.

Where a party obtained a *warrant*, under the statute authorizing summary proceedings in the removal of tenants, &c., and sent his agents with the same to a deputy, with directions to accompany him, and turn the party against whom the warrant was issued out of possession, and they accordingly did so, acting in aid and assistance of the officer in removing the party: and an action of *trespass* was subsequently brought against them, *it was held*, that although the *warrant* was void, and afforded no protection, the defendants having acted by the directions of the owner entitled to the possession of the premises, no action lay against them.

This was an action of *trespass* on lands, tried at the Madison circuit in March, 1832, before the Hon. Nathan Williams, then one of the circuit judges.

The act complained of as a trespass was fully proved. The defendants attempted to justify themselves under a warrant issued by a judge of the Madison common pleas, by virtue of the statute authorizing summary proceedings to obtain the possession of land in certain cases. The warrant set forth that one *David Tuttle* had claimed the possession of certain lands in the occupation of *Gault*, the plaintiff in this cause, by virtue of the foreclosure of a mortgage of the premises executed by Gault to Tuttle; upon which foreclosure Tuttle had become the purchaser. The warrant was obtained by Tuttle from the judge, and delivered to the defendants in this cause,

with directions to take it to a deputy sheriff, and to go with him and put Gault out, and place one *Van Nostrand* in possession of the premises. The warrant was accordingly delivered to a deputy, who, with the aid and assistance of the defendants, in April, 1830, removed Gault from his possession. On these facts appearing, the judge ruled that the warrant was no justification to the officer, or to the defendants acting in his aid. The mortgage from Gault to Tuttle, of the premises in question, bearing date 1st January, 1819, conditioned for the payment of $2200, was then produced, and it was proved that on the 6th September, 1828, the premises were purchased by David Tuttle, under a foreclosure of the same. The judge was of opinion that the defendants had established their defence, but to save the expense of a second trial, he overruled it, and directed the jury to assess the plaintiff's damages. The jury accordingly found a verdict for the plaintiffs for $30, which the defendants now move to set aside.

*P. Gridley,* for the defendants, insisted that *David Tuttle* being the owner of the premises, and entitled to the possession thereof, might resort to *force,* to obtain such possession, without subjecting himself to liability to an action at the suit of the party, and consequently that the defendants, acting as his servants and by his directions, were equally exempt from liability. In support of these positions, he cited 5 Wendell, 285; 9 id. 201; 4 Johns. R. 150; 13 id. 325, and 16 id. 200; and contended that the defendants, having a right *without* process of law to remove the plaintiff from his possession, lost nothing by having in their hands process which proved to be void and of no avail.

*J. A. Spencer,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J. There is no doubt that without any warrant, *David Tuttle* had the right *in person* to remove the plaintiff from the possession of the premises, and of course might effect his removal by his agents or servants. If the defendants had acted without any other authority than

VOL. XII. 62

ALBANY,
Oct. 1834.

Gault
v.
Jenkins.

the warrant, they would have been trespassers; but they had other authority, to wit, the express orders of David Tuttle, by which they are protected. Their principal probably at the time supposed that the warrant was necessary for the protection of himself and agents; but the procuring of the warrant did not deprive him of the power which he had without the warrant, nor did it prevent him from conferring authorities upon others. If the defendants acted as the servants of Tuttle, they were justified, and so the jury should have been instructed.

New trial granted.