By the Court.
Mason, J.
The demurrer in this case is well taken.
From an examination of the several sections of the statute upon the subject of wharfage in the city of New York (2 Rev. Laws, 429, § 212, 213, 215, 217), it appears that to entitle the-owner of a wharf to distrain for wharfage, the vessel on whose account the - wharfage is claimed, must have been fastened to the wharf, or to another vessel which was so fastened. An agreement to pay wharfage, is implied from the fact of the vessel so using the wharf, and the statute fixes the amount to, be paid.
But the ground on which the defendant rests the right to distrain in this case is, not that the plaintiffs used the wharf, but that they used the pier which projected out into the river from the bulkhead north of the wharf in question, in' such a way as to prevent the owners of the wharf from using or. deriving any benefit from it. It was an obstruction interposed by the plaintiffs to the enjoyment of the wharf by the owners— not a use of it by the plaintiffs, from which a contract to pay wharfage can be implied.
The owners of the wharf may be entitled to compensation in damages, for the injury they have sustained ; but we are-clearly of' opinion that they cannot obtain this compensation by distress. If a-person should unlawfully obstruct the passage to his neighbor’s dwelling, so as to debar him all access to it, and thereby prevent him from enjoying it, he would be liable to respond in an action for the wrong done, but it' would be difficult for the injured party to sustain an action of assumpsit for use and occupation, or any other proceeding founded on contract : and it is a well settled principle that distress for rent *52 ■can only be resorted to where there has been an agreement to pay rent, either expressed or implied (Valentine v. Jackson, 9 Wend. 202).
There must be judgment for the plaintiff on the demurrer.