Sedgwick, J.
The plaintiff has his action of trespass on the case by force of section 49, of the article entitled “.summary proceedings, to recover the possession of land in other cases” (2 Rev. Stat. Edm. Ed. p. 533). The section literally says, if the proceedings shall be reversed or quashed, the tenant or lessee may recover against the person making application for removal any damages he may have sustained by reason of such proceeding, in an action on the case. The plaintiff is an under-tenant. As such, however, he is entitled to the same protection as his landlord the tenant is, against an illegal attempt to remove him from land of which he is in possession. The word tenant, as used, does not necessarily negative an under-tenant being included in its meaning. An under-tenant is a tenant of a certain kind. There is nothing to indicate that the section meant to distinguish tenant or lessee from under-tenant or sub-lessee. As used, the words were evidently employed to designate the party to the proceeding that might have an action on reversal. Beginning the section with, either party that prevails, in case of an application, may have an action for costs, there was in proceeding a necessity of describing the party against whom the proceeding was taken, as the party that on reversal might have an action on the case. That description was sufficiently given by saying tenant or lessee. The proceedings were neither in an action nor on a writ, and the party defendant had no proper title. \ The same use of the word tenant occurs in section 29. There it evidently refers to tenant, lessee,. *499 assigns, under-tenant, or legal representative of such tenant or lessee, a.s particularized in section 28.
This construction was taken as granted to be true, in Hayden v. Florence Sewing Machine Company, in the commission of appeals (MSS. opinion). Indeed, I am not certain that the learned counsel for the appellant disputed this in his able argument.
He did take the position, that, if irrespective of the warrant, the defendants had a right to enter arid remove the plaintiff as a trespasser or intruder, the reversal of the proceedings did not prevent his lawfully exercising that right, although he also used the warrant as his authority (Gault v. Jenkins, 12 Wend. 488). We need go no further here than to look into the facts as to the plaintiff being a trespasser.
By written lease, Morrison hired, in March, 1868, three lots, of which the locus in quo was a part, for one year from May 1,1868. He agreed in it to “ vacate the said house and premises on having two months’ notice in writing, and being paid two hundred dollars as an equivalent for moving and giving up this lease.” He further agreed, that “if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter said premises and to remove all persons therefrom.”
Before May 1, 1868, Morrison let the lot (of which the plaintiff was afterward dispossessed by summary proceedings), to the plaintiff, for one year from May 1, 3868.
About July 26, 1868, Morrison made an agreement in writing with the owner of the fee (it having in the meantime been conveyed) in consideration of three hundred dollars. The tenor of the material part is : “ I hereby cancel said lease or agreement, and waive any further notice, and agree to vacate said premises on or before July 1 ( ), A. D., 1868, and give the full possession thereof.”
*500 On the trial, Morrison swore that about the time of making this, lie told the plaintiff he must move in two months. He also swore, that at the time of giving the one year lease to plaintiff, he told him that when he, Morrison, had to move, the plaintiff had to move. Again that he told him-“what the lease said.” The jury, if they had not relied on the plaintiff’s testimony, would, I think, by the weight of the evidence, have been bound to find that Morrison, at the time of letting to the plaintiff, informed him of the covenant of the lease as to vacating the premises.
Morrison could not, by 1ns cancellation of the lease, annul the lease lie had previously made to the plaintiff 14 Co. 429, Davenport’s case, and note B). The plaintiff’s interest in the land remained unimpaired, subject, we may say, to the terms and conditions of the lease to Morrison. Morrison, by that, xvas only bound to vacate upon two months’ notice in writing. Even if he had had this notice, and that time had elapsed, the term was not absolutely or ipso facto -gone, but continued until the landlord otherwise elected. The words used permit the landlord to enter, but do not provide for the term ending, at all events, upon breach of the covenant (Beach v. Nixon, 9 N. Y. 37). These provisions are strictly construed. Morrison had not received the notice in writing provided, nor even had two months passed from the time he cancelled his lease. Therefore, the plaintiff, at the time he was dispossessed, was lawfully in possession, his term not-having expired. The defendants had no rights against him as a trespasser.
As to the exceptions based upon the form of the complaint in its averments of damage, we must hold that the words “to his great damage, viz: six thousand dollars, and his said business broken up,” comprehensively referred to all the particulars of alleged trespass set forth in the same paragraph. The plaintiff had a *501 right to prove these particulars, so far as it was shown they were parts of the trespass complained of. Part of this was an alleged loss of money suffered by the plaintiff. There was a specific objection taken that this ioss being in the nature of special damage, the complaint should have specially alleged it. Such is the rule where the loss is not the natural and direct consequence of the trespass ; but in the present case, the trespass itself was alleged to be, in part, the taking and conversion of “ personal propeity of great value, to wit: two thousand dollars.” Money in bills is certainly personal property. If there was uncertainty in the averment, and the defendantueeded greater particularity to enable him to defend, the code provides that a motion to compel certainty might be made.
On the trial no objection was made that it did not appear that the taking of the money was either by the pelendants or their authority, or that it was not a part of dispossessing under the warrant. The objection was that it was not competent to prove under the complaint the taking of the money. As the complaint alleged that personal property was wrongfully taken, I think the plaintiff had a right to give the testimony.
The question, “ what was the use of the premises worth from the time you were dispossessed to the year ending May 1, 1869 ?” was objected to, on the ground, first, there is no allegation of this kind in the complaint; second, that the plaintiff' claims the value of the building and the rent also. As to the first ground, the complaint alleged that the defendants had thence hitherto deprived and kept the plaintiff out of his land and premises.” As to the second ground, the plaintiff in this action was entitled to all the facts going to show the jury what damage had been suffered. The value of the building was one fact. The value of the use and occupation was another. Because the plaintiff gave the two in evidence, he did *502 not necessarily claim that he was entitled to the whole of both. Indeed, if there were any inconsistency in the claims, he was not bound to put himself on one or the other until he was called upon to elect. This demand, however, was not made. In the charge, the judge presented the matter in such a way that the defendants were not in danger of having double damages given against them. .
On this same point, I do not think the eleventh request to charge was correct. It was “that the plaintiff must elect whether he will claim for the building or rent, and that he can not require the jury to determine for him whether he is to have one or the other.” . I do not think if it were a case to put the plaintiff to an election, that he was bound to elect, until specifically called upon to do it. It was the duty of the jury to give damages, according to the facts in evidence, under the charge of the court.
It was competent to give evidence as to the way in which the house was placed on the soil, at least to-show that no injury would be done to the freehold by its removal. The court left it to the jury in a correct manner to determine if the house were the plaintiff’s or not (Tifft v. Herton, 53 N. Y. 377; Voorhis v. McGinnis, 48 N. Y. 278; Loughran v. Ross, 45 N. Y. 792). In any view, the defendants were not injured by proof of the fact.
There were several minor exceptions, not calling for detailed attention, which I think should not be sustained.
On the whole case, I am of opinion that the judgwwat should be affirmed, with costs, to respondent.
Momell, Ch. J., and Fbeemiatt J., concurred.