W. G. HEWES, The (MILLER v.). See Case No. 9,594.

WHALAN (UNITED STATES v.). See Case No. 16,669.

---

## Case No. 17,476.

### WHALEN v. SHERIDAN.

[17 Blatchf. 9; 8 Reporter, 422; 1 Wkly. Jur. 447.] [1]

Circuit Court, S. D. New York.  Aug. 7, 1879.

ARMY OFFICERS — COMMANDER OF MILITARY DISTRICT—AUTHORITY IN CIVIL MATTERS—NEW TRIAL—PLEADING.

1. An officer of the army of the United States, assigned to the command of a military district created by the act of March 2d, 1867 (14 Stat. 428), had no authority, as military commander, to issue an order to the sheriff of a county, requiring him to place a person in possession of a plantation and personal property which were, at the time, in possession of another person.

2. But where he issued such an order, on the application of H., who claimed to be the true owner of the property, and was sued by W., who was dispossessed by the execution of the order, for damages for such dispossession, it was held that he could justify under such order if H. was the true owner and was entitled to the possession.

3. A motion for a new trial, because of alleged newly discovered evidence, denied, on the ground that such evidence was merely cumulative.

4. Under the system of pleading adopted in New York, judgment at the trial, in a suit at law, is to be rendered in accordance with the facts pleaded and proved, without regard to the form of the pleadings or the theory on which they were prepared.

[Cited in brief in Sumner v. Rogers, 90 Mo. 328, 2 S. W. 476.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 8 Reporter, 422, and 1 Wkly. Jur. 447, contain only a partial report.]

[On motion for a new trial.]

Scott Lord, for the motion.

Stewart L. Woodford, Dist. Atty., opposed.

WALLACE, District Judge. The jury having found a verdict for the defendant, the plaintiff now moves for a new trial, upon the ground of newly discovered evidence, and because of errors alleged to have been committed on the trial. The action was for trespass to personal property situate on the Killona plantation, in the state of Louisiana, of which the plaintiff was dispossessed, on the 8th day of August, 1867, under color of an order issued by the defendant, as military commander, directed to the sheriff of the county, requiring the sheriff to place one Mark Hoyt in peaceable possession of the plantation and personal property. The defence was a general denial of the plaintiff's cause of action, and a justification of the act of the defendant, under the authority of a law of congress passed March 2d, 1867 (14 Stat. 428), entitled, "An act to provide for the more efficient government of the rebel states." By that act those states were divided into five military districts, one of which was composed of the states of Louisiana and Texas, and the president of the United States was directed to assign an officer of the army to the command of each district, and to detail a sufficient military force to enable such officer to perform his duties and enforce his authority. The act declared it to be the duty of each officer so assigned, to protect all persons in their rights of person and property, to suppress insurrection, disorder and violence, and to punish all criminals and disturbers of the public peace, and, to this end, to allow the local civil tribunals to take jurisdiction of, and try, offenders, or, when, in his judgment, it might be necessary, to organize military tribunals for that purpose. The defendant was assigned to the command of the district composed of the states of Louisiana and Texas. He alleged, by way of justification, that Mark Hoyt was the real owner of the personal property, and was entitled to the possession of the Killona plantation, and, having been dispossessed therefrom by the plaintiff and other lawless persons, he applied to the defendant for protection, and, thereupon, the defendant, as such military commander, issued the order to the sheriff to place Hoyt in possession, and that the dispossession of the plaintiff under the order was the supposed grievance of which the plaintiff complained. The evidence on the part of the plaintiff was to the effect, that the plaintiff was in the exclusive and peaceable possession of the Killona plantation and the personal property thereon, until the 8th day of August, when he was required by the sheriff of the county to obey the military order of the defendant, and remove from the plantation, and relinquish the personal property to Mark Hoyt. On the part of the defendant, there was evidence to

the effect that Hoyt was the owner of the personal property, and entitled to the possession of the property and plantation, and that, for some time prior to the issuing of the order, and when the order was executed, one Slater was in possession of the plantation and personal property, and the plaintiff was merely an occupant of certain rooms in the plantation buildings. Upon any view of the facts justified by the evidence, it was clear, that, although the possession of the plantation and property was held adversely to Hoyt, such possession had been peaceably obtained and maintained, and was under color of right. Upon the evidence, the court ruled that the defendant had no authority, as military commander, to issue the order in question, and, when he assumed to administer remedial justice between citizens, not essential for the preservation of the public peace, or the prevention of illegal violence to persons or property, he exceeded his lawful powers. The court also ruled, that, while the defendant could not justify his act, as one done by virtue of his authority as military commander, nevertheless, as his order was issued upon the application of Mark Hoyt, for the purpose of assisting Hoyt to obtain possession of his property, if the jury should find that Hoyt was the owner, and entitled to the possession of the property, the defendant could justify under the authority of Hoyt. Exceptions were taken to this ruling. The principal questions of fact submitted to the jury were, whether the plaintiff was in possession of the property at the time the order was executed, and, if so, whether Hoyt was the true owner of the property.

So far as the present motion proceeds upon the ground of newly discovered evidence, it can be briefly disposed of, and must be decided adversely to the plaintiff. The plaintiff desires to obtain the benefit of newly discovered testimony, to the effect, that, prior to the time of the execution of the order, Slater had transferred all his right and interest in the property to the plaintiff, and did not claim to exercise any control over it, and was not on the plantation, and had not been for some time. This testimony is insufficient to authorize a new trial, because it is merely cumulative. The status of Slater as well as of the plaintiff, with reference to the possession of the plantation and personal property, was one of the main issues of fact to which the evidence upon the trial was directed, and the newly discovered evidence is but additional evidence upon the same point, and is of the same general character as that produced upon the trial, and, within all the authorities, is cumulative, and, as such, not sufficient as ground for a new trial.

The important and more difficult question presented by this motion is that which involves the correctness of the ruling upon the trial, that the defendant could justify his act as one authorized by Hoyt, and could depend upon Hoyt's title to the property.

As the cause of action arose in the state of Louisiana, the rights of the parties are to be ascertained according to the law of that state, but, as nothing appeared, from the evidence on the trial, to show that the law of Louisiana differs from that of New York, the case was submitted, and is now to be considered, as though it were governed by the rules of the common law.

Although the owner of personal property, who takes it by force from the possession of one who holds it without right, is liable criminally for a breach of the peace, or civilly in an action for assault and battery, he is not liable in trespass, because, in an action of trespass, when the plaintiff's case rests upon proof of possession, title in the defendant is always a perfect defence. Hyatt v. Wood, 4 Johns. 150; Ives v. Ives, 13 Johns. 235; Jackson v. Morse, 16 Johns. 197; Jackson v. Farmer, 9 Wend. 201; Taunton v. Costar, 7 Term R. 431; Harvey v. Brydges, 14 Mees. & W. 437; Meriton v. Coombes, 9 C. B. 787. If Hoyt was the owner, and entitled to the possession, of the property in question, at the time of the plaintiff's dispossession, the plaintiff could not recover against Hoyt. Could he, then, recover against the defendant? The defendant undertook to restore Hoyt to his own, at Hoyt's solicitation. He was held liable for all acts done pursuant to his order, to the same extent, and because he was to be regarded, as though he had personally accompanied Hoyt and the sheriff, and assisted in the removal of the plaintiff. It would seem strange if Hoyt, upon whose request the defendant intervened, should not be liable, and yet the defendant be held. Such a conclusion would present the anomaly of the right to recover for a wrong, against an agent or a servant, for acts in behalf of a principal, when there is no right of recovery against the principal. The argument is, that, inasmuch as the defendant assumed to act as a military commander, he cannot justify in any other character or capacity. This argument would apply with equal reason to Hoyt also, because he was instrumental in procuring the defendant to act in his capacity of military commander. The logical sequence would be, if Hoyt had retaken his own with a file of soldiers, under the flag of the United States, that he must show his right to the flag and the soldiers before he could be heard to assert his title; and this for the protection of a person who had no right to the property or to its possession. Suppose Hoyt had resorted to artifice, to obtain possession, or had induced the plaintiff to abandon the property by untrue representations, would he be precluded from showing his right, when sued, because he had obtained possession by artifice or deception? If so, an owner may take his own by the strong hand, under circumstances which render him amenable criminally, and yet be protected, while if he resorts to stratagem, involving no criminal liability, he must pay damages to one who, as against him, has

no right to detain the property. No authority or principle can be found to sustain such a conclusion.

The theory of the plaintiff is, that the defendant is estopped from asserting that he was acting as military commander; and numerous cases are cited to the effect, that one who holds himself out as acting in some special character, cannot be heard to deny that he was so acting, afterwards. The doctrine of estoppel has no application in this case, nor are the authorities cited in point, because, the plaintiff cannot be prejudiced by allowing the defendant to show that he was, in fact and in law, acting in privity with Hoyt.

An estoppel in pais arises where one party has been induced by another to rely upon the existence of a state of facts, and thereby to do or omit some act which will enure to the prejudice of the former, if the latter is permitted to prove the non-existence of the facts Under these circumstances, one who has assumed to exercise an official authority will be precluded from disputing his appointment or title to the office. How has the plaintiff been misled because the defendant assumed to act as a military commander in requiring the plaintiff to restore the property to Mark Hoyt? The plaintiff was bound to know the law, and is conclusively presumed to have known it, as well as the defendant. He knew, therefore, that the defendant did not possess the authority which he assumed, and that, as a military commander, the act of the defendant was beyond the scope of his lawful powers. What injury, in a legal sense, has the plaintiff sustained by acting upon the assumption that the defendant, as military commander, could compel the restoration of the property to Hoyt? Concede that the plaintiff would not have surrendered possession of the property had he not supposed the defendant had the right, as well as the physical power, to compel obedience to his orders, nevertheless, the plaintiff has only surrendered possession to the person who was entitled to it. He might have defended his possession by force, and, if the property had been taken from him by violence, might have had his action for assault and battery. He would have recovered, however, only compensation for his personal injuries. He knew he had no right to the possession of the property as against Hoyt; he knew that the defendant was seeking to obtain possession only for Hoyt; and, under these circumstances, he did only that which he should have done without any order or any show of coercion. The books will be searched in vain for any precedent sustaining the doctrine that an estoppel arises under such circumstances.

Under the instructions of the court, the defendant could not justify unless Hoyt was entitled to the property. If Hoyt was entitled to the property, inasmuch as the defendant intervened at Hoyt's solicitation and for his protection, he was entitled to stand upon any defence which Hoyt could maintain.

The case is similar to Gault v. Jenkins, 12 Wend. 488, where the defendants dispossessed the plaintiff, under a warrant in summary proceedings which was void because of want of jurisdiction in the officer issuing it, and, being sued in trespass, it was held they could justify by proof that they acted by the direction of the owner entitled to the possession of the premises.

It is insisted, that the defendant's justification is pleaded, technically, as one by virtue of his office as military commander. As to this, it suffices to say, that the answer sets out all the necessary facts, and, if the legal conclusions are inconsistent with the facts alleged, it is the duty of the court to apply the correct legal inference to the facts. Under the system of pleading adopted in this state, judgment should be rendered at the trial in accordance with the facts pleaded and proved, without regard to the form of the pleadings, or the theory upon which they were prepared. Wright v. Hooker, 10 N. Y. 51; Marquat v. Marquat, 12 N. Y. 336. The motion for a new trial is denied.

[For hearing on a motion to file and serve a bill of exceptions nunc pro tunc, see 5 Fed. 436.]