Filed June 7, 1889.

---

No. 13,307.

## WHITE *v.* KELLOGG ET AL.

ASSAULT AND BATTERY.—*Damages.—School Teacher.—Township Trustee.— School Director.*—Where a township trustee and a district school director, upon the refusal of a duly employed teacher to allow a vacation of the school for a time, which they and certain patrons of the school have demanded, enter the school-house, of which the teacher is in rightful and peaceable possession, seize the latter and pull, drag and throw him out of the building, inflicting serious injuries upon him, they are guilty of a wrongful assault and battery and are liable for damages.

SAME.—*License to Teach.—Special Finding.*—In such a case, it is not neces- sary to the maintenance of the action that the special verdict should show that the plaintiff was a licensed teacher when the school term be- gan; but if it were, a finding that he was employed by the trustee, whose legal duty it was to employ only qualified persons, that he was licensed when the contract was made and that his license had not been revoked when a successor in the school was employed after his injury, would be sufficient.

SAME.—*Employment of Teacher.*—A finding that the plaintiff was employed as a teacher by K., who was at the time trustee of the township, suffi- ciently shows that the employment was by the school trustee, the town- ship trustee being *ex officio* school trustee.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*J. H. Baker* and *J. H. Defrees, Jr.,* for appellees.

BERKSHIRE, J.—This action was brought by the appellant against the appellees to recover damages for an alleged assault and battery upon the person of the appellant.

There was a jury trial and a special verdict returned by the jury. Upon the facts returned in the verdict, the court found the law to be with the defendants and rendered judgment accordingly.

The only error assigned which we need consider is the one which presents for consideration the action of the court in rendering judgment for the defendants.

The special verdict is quite lengthy and is pregnant with evidentiary facts, and for that reason not according to good practice; but so far as the facts are properly found they must be considered, and that which is mere evidence disregarded. We find disclosed by the verdict the following facts:

The appellant, being a duly qualified and licensed teacher, was, on the 11th day of September, 1884, duly employed by contract in writing by the appellee Kellogg, who was the trustee of Concord township, in Elkhart county, to teach the school in district No. 8, in said township, for the term commencing October 27th, 1884. At the time of the employment there was some talk about a vacation to be given at some time during the term, but nothing definite was agreed upon. At the annual school meeting, held on the 4th day of October, a resolution was adopted that after the school had continued for four months, then there should be a vacation for one month, to which, when informed of the resolution, the appellant refused his assent. On the 27th day of October, the appellant entered upon his duties as teacher of the school, under his said employment, and taught without interruption until the 11th day of March. On the 7th day of March, a school meeting was held by the legal voters and taxpayers of the district, and at the meeting it was resolved that there should be a vacation in the school of two weeks' duration, to begin on the following Monday, March 9th,

and the appellee Martin, who was the school director, was directed to see his co-appellee and request him to order the vacation as agreed upon.   The director communicated with the trustee, as directed, and the trustee with the appellant, who declined to allow the vacation.   The number of pupils in regular attendance at the school was sixteen, but on Monday, March 9th, but two were present.   On Tuesday (the appellant having in the meantime visited the patrons of the school) there were thirteen pupils present, and the parents of the said thirteen pupils having signed a petition requesting that the school continue and that there be no vacation, the appellant on Tuesday evening presented the said petition to the trustee, who refused to recognize the same, and informed the appellant that if he opened the school the next day he would close it.   On the next day, March 11th, the appellant opened the school-house as usual, preparatory to going on with the school for the day, but before the opening of the school, the appellee Kellogg came to the school-house and informed the appellant that he had come to close the school, and was by the appellant refused admission.   He then attempted to force his way into the house, and the appellant with force opposed his entrance.   At this juncture the appellee Martin came up, and, by the request of his co-appellee, they forced their way into the house, their entrance being resisted by the appellant.   The appellant then opened the school, there being thirteen pupils present, and began the exercises, when the appellees seized him at his desk and with violence threw him upon the floor, and notwithstanding his resistance, dragged, pulled, and threw him out of the house, injuring him seriously, and afterwards closed the house and kept it closed.

The appellant was laid up and unable to work, on account of injuries received, for the space of seventy days, and did employ a physician to attend him on account of his injuries, and lost the balance of his school term, the appellee Kellogg having employed another teacher to finish the term,

although no petition was ever presented asking for the appellant's removal, nor were any charges brought against him, nor had his license been revoked.

It is found that in ejecting the appellant from the schoolhouse the appellees used no more force than was necessary to remove him therefrom.

It is our opinion that the court committed an error in rendering judgment for the appellees; that upon the facts, as found, judgment should have been rendered for the appellant. In our opinion the facts found disclose an aggravated case of assault and battery.

The point is made by counsel for the appellees that the verdict fails to show the plaintiff to have been a licensed teacher when the school term began. We do not think this was necessary to a maintenance of the action, but we think the fact appears in the verdict. In the first place it would have been in violation of his duty for the trustee to contract with a person not having the necessary qualifications to teach the school when the time arrived for it to open; and it is found that the appellant was duly licensed when the contract was entered into, and that his license had not been revoked when his successor was employed.

Another point made is, that the facts found do not show an employment from the school trustee to teach the school. The facts, as found, show that the contract was made with the appellee Kellogg, who at the time was the trustee of the township. If he was township trustee, he was school trustee; for, *ex officio*, the township trustee is the school trustee of the township. But, independent of these questions, under a contract with the trustee to teach the school for the term, the appellant went into possession of the school-house, entered upon his duties as the teacher of the school, and, without interruption, taught the school for four months, and on the morning of the difficulty was in peaceable possession of the school-house, and was about to open the school when the appellees brought on the disturbance. The appellant

was not holding the possession wrongfully, but was there by right, and the appellees, when they undertook to dispossess him, were wrong-doers. *Johnson* v. *Putnam*, 95 Ind. 57; *Judy* v. *Citizen*, 101 Ind. 18, where the whole subject is discussed; *Low* v. *Elwell*, 121 Mass. 309; *Fifty Associates* v. *Howland*, 5 Cush. 214.

We have not determined as to whether the school district or school trustee may, under any circumstances, compel a teacher, in the midst of his term, to give a vacation; there may be circumstances where this would be proper; for instance, if a contagious and dangerous disease was in the school district, or in the vicinity thereof.

The judgment is reversed, with costs, with instruction to the court below to render judgment for the appellant upon the verdict.

Filed June 7, 1889.