LEWIS C. GOWER *vs.* ANGELETTA P. WATERS ET ALS.

Lincoln.    Opinion March 18, 1926.

*At common law where a tenancy at sufferance existed, the tenant had no right of possession as against the landlord, and the landlord might enter, at any time, using such force as was reasonably necessary and expel such tenant.*

*The authorizing of the civil process of forcible entry and detainer following the termination of a tenancy at will by written notice did not take away the landlord's common law right of entry in case of a tenancy at sufferance resulting from a termination of a tenancy at will by written notice in accordance with the statute for the termination of tenancies at will, or from a termination in any manner.*

*While in case of the use of excessive force the landlord may be liable to indictment for the common law offense of forcible entry, he is not liable to a tenant at sufferance on the civil remedy of trespass quare clausum.*

In so far as *Brock* v. *Berry,* 31 Maine, 293 holds that a landlord is liable in an action of trespass *quare clausum* to a tenant at sufferance in case of a forcible entry, it is overruled.

On report.    An action of trespass quare clausum alleging a breaking and entering of plaintiff's dwelling-house.    The defendant, Angeletta P. Waters, owned in fee the dwelling-house described in the writ, and the plaintiff, on March 3, 1925, occupied, as tenant of Mrs. Waters, a part of the dwelling-house, the rest being reserved for her own use by Mrs. Waters.    The plaintiff being in arrears in rent the defendant gave him the statutory written notice to quit, and on the expiration of the thirty days, the plaintiff continued to occupy the premises against the wishes of defendant, who with the other defendants entered and demanded possession of that part of the dwelling-house occupied by plaintiff.    Defendants contended that there was no breaking and entering because the defendant, Waters, had a right to enter the premises, the plaintiff being a tenant at sufferance, and that an action of trespass quare clausum could not be maintained under such circumstances.    At the close of the testimony by consent of the

parties the case was reported to the Law Court for final determination, including damages to plaintiff, if he should prevail.   Judgment for defendants.

The case.fully appears in the opinion.

*George A. Cowan*, for plaintiff.

*Weston M. Hilton*, for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

DUNN, J., concurring in the result.

WILSON, C. J.   An action of trespass *quare clausum* in which it is alleged that the defendants broke and entered the plaintiff's dwelling-house located on the close described in the writ.

The case is reported to this court on the evidence.   From the reported evidence we find that the plaintiff prior to April 2, 1925 occupied a portion of a certain dwelling-house belonging to the defendant, Angeletta P. Waters, as a tenant at will; that on the third day of March, 1925 the owner, Mrs. Waters, caused to be served on the plaintiff a notice that his tenancy in the premises described in the writ in this action would terminate on April 2, 1925; that the plaintiff did not vacate said premises on April 2, but remained and was still occupying said premises on April 6th following; that on April 6th, the defendant with the defendant, Alfred W. Huston, a deputy sheriff, and the other two defendants who were nephews of Mrs. Waters went to the premises for the purpose of taking possession of the part occupied by the plaintiff; that the defendants first went to the back or side door leading to the part occupied by the plaintiff as a kitchen and asked to be permitted to enter and were refused admission by the plaintiff's wife, the plaintiff being away at the time; that the defendants then entered the front door of the dwelling-house and the front hall which was then and had been in the sole possession of Mrs. Waters, who also retained in her own possession several other rooms in the house; that while in the hall the plaintiff's wife notified the defendants that she forbade their entering the part occupied by the plaintiff, that while the defendant Huston was again talking with the plaintiff's wife at the side or back door, Mrs. Waters opened a door leading from the front hall into a room occupied by the plaintiff as a bedroom; which door

was not locked, but was fastened on the hall side by a hook or hasp; that Mrs. Waters then entered the bedroom and thence the sitting room occupied by the plaintiff without using any more force than was necessary to open the door leading from the hall into the bedroom, and was followed by the other defendants.

After Mrs. Waters entered in the above manner, she demanded possession of the premises, and later the plaintiff returned and an agreement was entered into for the payment of rent to date, and the plaintiff was permitted to remain until he obtained another tenement.

The present action is the result of the entry above described. There appears to be no question, from the above facts, that at the time of the entry the plaintiff's tenancy at will had been terminated on April 2, and he was, on April 6th, only a tenant at sufferance, and that the defendant, Mrs. Waters, had a right to possession.

The only issues here are, whether the entry of Mrs. Waters was a peaceful entry, and if not, whether a tenant at sufferance can maintain trespass *quare clausum* against his landlord who, using no more force than may be necessary to effect an entrance, enters to dispossess him.

If a peaceful entry is had, it is already settled that a tenant at sufferance cannot maintain trespass *quare clausum* against his landlord. *Stearns* v. *Sampson*, 59 Maine, 568. While there is a conflict, the great weight of authority appears to be that, unless affected by some local statute, a landlord as against a tenant at sufferance may enter to take possession, using no more force than is necessary to effect an entrance and in expelling the tenant no more than would enable him to maintain a plea of *molliter manus*; and by reasoning that appears unassailable, it is further held by courts of the highest standing, that regardless of the force used in entering, trespass *quare clausum* is not maintainable. *Harvey* v. *Brydges*, 14 M. & W., 437, 442; *Hyatt* v. *Wood*, 4 Johns, 150; *Ives* v. *Ives*, 13 Johns., 235; *Jackson* v. *Farmer*, 9 Wend., 201; *Curl* v. *Lowell*, 19 Pick., 25, *Meader* v. *Stone*, 7 Met., 147; *Miner* v. *Stevens*, 1 Cush., 482, 485; *Mason* v. *Holt*, 1 Allen, 45; *Curtis* v. *Galvin*, 1 Allen, 215; *Low* v. *Elwell*, 121 Mass., 309; *Lash* v. *Ames*, 171 Mass., 487; *Mentzer* v. *Hudson Savings Bank*, 197 Mass., 325; *Benton* v. *Williams*, 202 Mass., 189, 192; *Sterling* v. *Warden*, 51 N. H., 217; *Vinson* v. *Flynn*, 64 Ark., 453; *Krevet* v. *Meyer*, 24 Mo., 107; *Levy* v. *McClintock*, 141 Mo., App., 593; *Todd* v. *Jackson*, 26 N. J. L., 525, 532; *Kellam* v. *Janson*, 17 Pa., St., 467; *Overdeer* v. *Lewis*, 1 W. & S., (Penn.), 90;

*Johnson* v. *Hannahan,* 1 Strob, (S. C.), 313; *Walton* v. *File,* 1 Dev. & B. (N. C.), 567; 16 R. C. L., 1178; Taylor's Landlord & Tenant, Vol. II., Secs. 531, 532; 1 Washburn Real Property, Vol. I., Pages *393, *397.

In *Reed* v. *Reed,* 48 Maine, 388, *Allen* v. *Bicknell,* 36 Maine, 436, 438; and *Stearns* v. *Sampson,* supra, this court appears to have recognized the same principles upon which the above authorities are based, though the facts did not require them to be carried to the same extent.

As the court said in *Dunning* v. *Finson,* 46 Maine, 546, 556: "A tenant at sufferance can hardly be called a tenant at all as his holding is without right of any kind," unless, under some circumstances, he is entitled to a reasonable time for the removal of his goods. It is because of the nature of the tenancy at sufferance that the Massachusetts and other courts have held that such a "tenant could not maintain an action in the nature of trespass *quare clausum,* because the title and the lawful right to possession are in the landlord, and the tenant as against him has no right of occupation whatever"; hence it has been held that even if entry by the landlord was obtained by force, trespass *quare clausum* will not lie. *Low* v. *Elwell,* supra; *Mentzer* v. *Hudson Savings Bk.,* supra; *Benton* v. *Williams,* supra.

The courts which hold the contrary view, *Dustin* v. *Cowdry,* 23 Vt., 631; *Mason* v. *Hawes,* 52 Conn., 12; *Reader* v. *Purdy,* 41 Ill., 280, either rest their decisions in the main upon the English cases of *Hillary* v. *Gay,* 6 C. & P., 284, a case decided at *nisi prius,* and *Newton* v. *Harland,* 1 M. & G., 644, which was later overruled; See *Harvey* v. *Brydges,* 14 M. & W., 437; *Davis* v. *Burrell,* 10 C. B., 821; or upon a construction of a statute substantially of the tenor of the early English statute, 5 Rich. II., C. 8; "That none from henceforth shall make any entry into lands or tenements, but in case where entry is given by law, and in such case, not with strong hand nor with multitude of people, but only in a peaceable and easy manner" and making a forcible entry an indictable offense. The Vermont Court rests its decision mainly upon the authority of the English cases, while the Illinois Court holds that a statute similar to that of Rich. II. makes a forcible entry unlawful, and, if unlawful, it is a trespass.

These cases have been extensively reviewed and their reasoning criticized in 4 Am., Law Rev., 429. The decisions in the various

courts as to the right of tenant at sufferance to maintain trespass *quare clausum* against his landlord may be found in 16 L. R. A., 798, Note; 42 L. R. A., (N. S.), 392, Note.

It may be noted at this point, that we have no statute similar to that of Rich. II., although forcible entry is recognized as an offense at common law, *Hardings Case*, 1 Maine, 22, indicating that the statute has been adopted as a part of our common law. However, this statute did not change the nature of a tenancy at sufferance or restrict the rights of the landlord to enter except to make him liable to indictment for the use of unnecessary force. Neither the English Courts nor those in this country above cited, holding that trespass *quare clausum* will not lie even though the entry be forcible, regard this, or similar statutes, as having any effect upon the civil liability of the landlord. Sterling v. *Warden*, supra, Page 232. Without such a statute and with the common law in this respect unmodified, under which the landlord had the right to enter by force, if necessary, in case of a tenancy at sufferance, Taylor's Landlord & Tenant, Vol. II., Sec. 531, we see no reason why this court should not adopt the rule laid down· by the English Courts and the courts of Massachusetts, Rhode Island, New Hampshire, and New York.

It is true that in *Brock* v. *Berry*, 31 Maine, 293, this Court in a brief opinion without reasoning or citation of authorities, held that a landlord had no right to enter by force. It is not clear that the court in this case was stating its conclusions as applicable to a tenancy at sufferance. Although the parties had agreed the tenancy was at sufferance, the facts showed the tenancy was at will and had not been terminated, hence the mandate was correct. It is significant, however, that this case has never been cited by this court in support of the rights of a tenant at sufferance, but always in support of the rule that a landlord cannot enter and oust a tenant at will by force. *Cunningham* v. *Holton*, 55 Maine, 33, 38; *Kimball* v. *Sumner*, 62 Maine, 305, 309; *Bryant* v. *Sparrow*, 62 Maine, 546; *Marden* v. *Jordan*, 65 Maine, 9.

*Moore* v. *Boyd*, 24 Maine, 242, cited by the Vermont Court in *Dustin* v. *Cowdry* as sustaining the doctrine that a landlord is liable in an action of trespass *quare clausum* for a forcible entry in case of a tenancy at sufferance, goes no further than to hold that a landlord may not enter by force to terminate a tenancy at will and remove the tenant's goods without first giving the tenant a reasonable opportu-

nity to remove his own effects, and was decided before the present statute was enacted for terminating tenancies at will by notice in writing. It has no bearing on the question here at issue.

A statement of the law upon the subject may be found so full and logical, in *Sterling* v. *Warden*, 51 N. H., 217; *Low* v. *Elwell*, 121 Mass., 309 and 4 Am. L. Rev., 429, that a further discussion here would be a work of supererogation.

At common law the process known as forcible entry and detainer was criminal or quasi criminal in its nature, *Eveleth* v. *Gill*, 97 Maine, 315, and was only permitted where the entry or the detainer or both were with actual force. By Chapter 268, Public Laws, 1824 this state created a civil remedy more or less summary in its nature and known by the same name, but also available only in case of a forcible entry or detainer, except in case of a terminated tenancy, when after thirty days' notice in writing following the termination thereof such process would lie, if the tenant then "unlawfully refused to quit" the premises.

However, the existence of this civil process, enlarged as it appears in Chap. 94 R. S., 1857, did not deprive a landlord of his common law right to terminate a tenancy at will without notice and enter upon such termination, *Gordon* v. *Gilman*, 48 Maine, 473. It furnishes him with a convenient and speedy process to regain possession of his premises of which he may avail himself instead of resorting to an entry without legal process and with force, if necessary, and a consequent liability to indictment in case of the use of excessive force, for which no exact standard can be prescribed for his guidance; but except so far as the statute regulating the use of this process is expressly or by necessary implication in conflict with the common law, it should not be held to deprive a landlord of his common law rights.

We are, therefore, of the opinion and hold that the case of *Brock* v. *Berry* should not be regarded as authority against the right of a landlord to enter by the use of reasonable force, if necessary, to expel a tenant at sufferance; and that even in case of the use of excessive force in entering while he is subject to indictment, he is not liable in an action of trespass *quare clausum*.    *Seavey* v. *Cloudman*, 90 Maine, 536.

Entry will be:

*Judgment for the defendants.*