Matthews, J.
The amended petition shows that the plaintiff and her husband rented certain premises from the defendant for $25.00 per month; that they were in default in payment of rent; that defendant came to the house and demanded payment of the rent; that on being informed by the plaintiff that they could not pay he threatened to throw them out bodily.
There are other allegations that the threat was made boisterously, “maliciously, willfully and without probable cause,” and that the plaintiff’s nervous system was shocked and she became ill as a result.
The demurrer raises the question of the sufficiency of these allegations as a statement of a cause of action.
The plaintiffs were in default in the payment of rent. They should have vacated the premises without the compulsion of a threat or legal process. In 16 R. C. L., p. 1177, it is said:
“There is no doubt but what a landlord on the expiration of the tenant’s term may enter peaceably if he can, even in the absence of the tenant, and it is generally recognized that after such an entrance he may defend his possession by using force in repelling force to expel him, and also that after a peaceable entry he may remove the tenant from the premises using no more force than is necessary to overcome the tenant’s resistance. After a peaceable entry upon a part of the premises the landlord may proceed to take possession of the residue using no more force than is necessary to accomplish his purpose,”
Failure to pay the rent made the tenants, at the option of the landlord, trespassers. Railroad Co. v. West, 57 O. S., 161. They should have vacated the premises or paid the rent. The defendant had the right to eject them by legal process or, if he could gain peaceable possession of a part of the premises, he could, without process, eject them, using no more force than was reasonably necessary for that purpose. Mugford v. Richardson, 6 Allen, 76; Law v. Elwell, 121 Mass. 309; Stearns v. Sampson, 59 Me. 568.
In the present case no physical force at all was applied. Under such circumstances it cannot be said that the landlord violated any legal right of the tenant.
The demurrer is sustained.